08CV3928
JUDGE LEINENWEBER
MAG. JUDGE ASHMAN

IN FOR

RECEIVED
JUL 1 0 2008
7-10-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | ) | Case No. 03 CR 687-1 |
| | ) | |
| | ) | USM Number 21193-424 |
| v. | ) | |
| | ) | Judge: |
| | ) | Harry D. Leinenweber |
| HAFEZ HUSEIN | ) | |
|     Defendant, | ) | MOTION TO RECOVER PERSONAL PROPERTY |
| | ) | |

Now comes the defendant Hafez Husein, PRO-SE and respectfully requesting from this Honorable Court to grant this Motion and to order the Drug Enforrcement Agency to return all personal property and money taken from the defendant pursuant to the **RULE 41(G)** of Federal Rules of the Criminal Procedure and for the following reasons:

    1) The seizure of the first Money ($60,060.00) was on this 16th Day of July 2002 see attached EXHIBIT #1.

    2) The 1999 Lexus LX470 and a wallet and the Identification and Social security and cell phone, credit cards, CD's and keys and other address papers all were seized on this 15th Day of April 2003 see EXHIBIT #2.

    3) The defendant's attorney filed all the necessary papers as far as the defendants information to the extend to the time of firing his attorney for that and many other reason that rendered him not effective to defend the defendant.

    4) None of the items seized from the defendant were part of any crime or any criminal activity.

    5) None of the seized Money or items were part of the defendants plea agreement and the defendant has not waved his

-1-

Rights with respect to the forfeiture of his personal money and property that was seized from the defendant in two different times.

6) None of the items seized from the defendant were made part of the sentencing nor were mentioned in the defendant's final Judgement of his criminal conviction.

7) None of the seized items were used in the presentencing report as mitigating factors to downward departure or to recommend the return of the forfeiture.

8) That the defendant cannot pay an attorney at this time and he is representing himself as a PRO-SE to try to recover his personal money and property through this Honorable Court.

## CONCLUSION

The Defendant is praying that this Honorable Judge will Grant his Motion to recover his Money and property.

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Now comes the defendant Hafez Husein, PRO-SE and files or caused to be filed this MOTION TO RECOVER PERSONAL PROPERTY.
And has send an original with two copies to the District Court and one copy to the the Attorney for the Government and a copy to the Drug Enforcement Administration at P.O.Box 1475,Quantico, Virginia 22134-1475. The District Court and Attorney for the Government at 219 South Dearborn Street in Chicago, Illinois 60604. and by the way of depositing all into the depository U.S.Mail Box at 2240 Hubbard Road in Youngstown, Ohio 44505 and on this 7th Day of July 2008. I declare under the penalty of perjury that all the above information is true and correct to the best of my knowledge.

Respectfully Submitted

EXECUTED ON:July/7th/2008    By _HAFEZ HUSEIN_
                                Hafez Husein #21193-424
Northeast Ohio Correctional Center 2240 Hubbard Rd.
                                      Youngstown,Ohio 44505

-2-



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hafez N. Husein
9724 S. Meryton Ct.
Palos Hills, IL 60465

EXHIBIT # 1

| | |
|---|---|
| Asset Id: | 02-DEA-408915 |
| Case Number: | I1-02-0202 |
| Property: | $60,060.00 in U.S. Currency |
| Asset Value: | $60,060.00 |
| Seizure Date: | 07/16/02 |
| Seizure Place: | Oak Lawn, IL |
| Owner Name: | Husein, Hafez N. |
| Seized From: | Husein, Hafez N. |
| Judicial District: | Northern District of Illinois |

NOTICE MAILING DATE: May 28, 2003

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **July 2, 2003**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hafez N. Husein, Prisoner ID No. 21193-424
MCC
71 W. VanBuren
Chicago, IL 60604

EXHIBIT # 2

| | |
|---|---|
| Asset Id: | 03-DEA-420604 |
| Case Number: | I1-02-0202 |
| Property: | 1999 Lexus LX470 |
| Vehicle ID No: | JT6HT00W3X0051363 |
| Asset Value: | $32,000.00 |
| Seizure Date: | 04/15/03 |
| Seizure Place: | Palos Hills, IL |
| Owner Name: | Husein, Hafez N. |
| Seized From: | Husein, Hafez N. |
| Judicial District: | Northern District of Illinois |

NOTICE MAILING DATE: June 4, 2003

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **July 9, 2003**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).